UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| The Capital Markets Company )<br>)<br>　　　　Plaintiff, )<br>v. )<br>)<br>U.S. Citizenship and Immigration Services, *et al.* )<br>)<br>　　　　Defendants. ) | Civil No. 21-civ-7719 (PGG) |

**PLAINTIFF'S MOTION TO RESPOND TO DEFENDANTS' LETTER REQUESTING PRE-MOTION CONFERENCE**

   Plaintiff respectfully requests the Court's permission to respond to Defendant's letter motion dated November 26, 2021. Plaintiff regrets that its response was not filed within the time provided by Rule IV(A) of the Court's Individual Rules of Practice in Civil Cases. Defendant consents to Plaintiff filing a late response. Attached as Exhibit 1 is a copy of the letter motion that Plaintiff seeks to file, which sets forth the grounds on which Plaintiff intends to oppose Defendant's intended motion to dismiss.

DATED December 13, 2021　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　　By: /s/ Samantha Caesar

**MEMO ENDORSED**

The Application is granted.

SO ORDERED:

*[signature]*
Paul G. Gardephe, U.S.D.J.

Dated: December 14, 2021

　　　　　　　　　　　　　　　　　　　　Carl W. Hampe (*pro hac vice admitted*)
　　　　　　　　　　　　　　　　　　　　Daniel P. Pierce (*pro hac vice forthcoming*)
　　　　　　　　　　　　　　　　　　　　Samantha Caesar (SDNY Bar No. 5622683)
　　　　　　　　　　　　　　　　　　　　Fragomen, Del Rey, Bernsen & Loewy LLP
　　　　　　　　　　　　　　　　　　　　1101 15th St. NW Suite 700
　　　　　　　　　　　　　　　　　　　　Washington, DC  20005
　　　　　　　　　　　　　　　　　　　　Phone  (202) 223-5515
　　　　　　　　　　　　　　　　　　　　Fax  (202) 371-2898
　　　　　　　　　　　　　　　　　　　　champe@fragomen.com
　　　　　　　　　　　　　　　　　　　　dpierce@fragomen.com
　　　　　　　　　　　　　　　　　　　　scaesar@fragomen.com

1

*Attorneys for Plaintiff*

Case 1:21-cv-07719-PGG   Document 20   Filed 12/13/21   Page 2 of 2

2

*Attorneys for Plaintiff*

**FRAGOMEN**

**ATTORNEYS AT LAW**

**Carl Hampe**
Partner
Direct: +1 202 349 2174
CHampe@fragomen.com

Fragomen, Del Rey, Bernsen & Loewy, LLP
1101 15th Street, N.W., Suite 700
Washington, DC 20005
USA

O  +1 202 223 5515
F  +1 202 371 2898
www.fragomen.com

December 10, 2021

<u>VIA ECF</u>
Hon. Paul G. Gardephe
United States District Judge
United States District Court
40 Foley Square
New York, New York 10007

Re:  *The Capital Markets Company v. U.S. Citizenship and Immigration Services, et al.,* No 21 Civ 7719 (PGG)

Dear Judge Gardephe:

Plaintiff The Capital Markets Company, LLC ("Plaintiff" or "Capco") opposes the intended motion to dismiss by Defendant U.S. Citizenship and Immigration Services ("Defendant" or "USCIS"). In light of the current procedural posture and the complexity of the issues presented here, Plaintiff requests that the Court set an expeditious briefing schedule for the Motion and then, if necessary, have a conference after that briefing.

Defendant's anticipated arguments rely on incorrect statements of indisputable fact, as well as new facts outside the Complaint that Defendant improperly introduces for the first time in its letter motion. The viability of Defendant's intended motion to dismiss is dependent not only on incorrect and impermissible facts, but further requires this Court to draw from those facts inferences in favor of Defendant that are reserved for Plaintiff. *See McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007) (holding that, on a motion to dismiss, the Court must "accept as true all factual statements alleged in the complaint and draw all reasonable inferences in favor of the non-moving party.").

Plaintiff's Complaint is well-pleaded, plausibly alleges that Defendant's rejection of Plaintiff's H-1B visa petition was unlawful, and establishes her right to relief under several statutes and thus the Court's jurisdiction over this matter. Defendant cannot carry the heavy burden that it bears. *Gould v. Lightstone Value Plus Real Est. Inv. Tr., Inc.*, 301 F. App'x 97, 99 (2d Cir. 2008) ("A motion to dismiss should only be granted if 'it appears beyond doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'") (quoting *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). Plaintiff

contends that a motion to dismiss of the type Defendant contemplates would and should be easily denied by this Court.

1. <u>This Court has subject matter jurisdiction over the Complaint. Defendant's 12(b)(1) arguments are insufficient, and its motion must fail.</u>

The Court has federal question jurisdiction over this matter pursuant to 28 U.S.C. § 1331. *See Califano v. Sanders*, 430 U.S. 99, 105 (1977) (except where statutes preclude review, 28 U.S.C. § 1331 "confer[s] jurisdiction on federal courts to review agency action"). Plaintiff alleges that Defendant failed in its non-discretionary duty to process Plaintiff's H-1B visa petition, and thus neither the immigration laws nor the Administrative Procedure Act, 5 U.S.C. § 701 ("APA") withdraws jurisdiction. *See, e.g. Kamal v. Gonzales,* 574 F. Supp. 3d 869 (N.D. Ill. 2008).[1]

Defendant contends that this Court is without jurisdiction to review Plaintiff's claims because, according to Defendant, the period for allotting H-1B visas in the applicable fiscal year has expired, and thus the Court cannot compel Defendant to grant H-1B status to Plaintiff's employee. *See* Def. Ltr. at 2 ("[T]his Court is unable to grant the relief ultimately sought by the plaintiff, which is the granting of H-1B status to plaintiff's employee in the applicable fiscal year.").

The precise confines of Defendant's arguments on this point are unclear, but neither reading of Defendant's contentions will suffice. As Defendant notes, H-1B visas are subject to a yearly statutory cap. *See* 8 U.S.C. § 1184(g)(1), (5)(C). Defendant has never, however, taken the position that H-1B visas "expire" at the end of a fiscal year, as other visa types do. Indeed, Defendant regularly awards H-1B visas into the next fiscal year and counts them against the prior fiscal year because of processing delays. That does not impede relief here either as a matter of statute or fact.

Defendant perhaps is advancing a factual question—namely whether it issued all the H-1B visas made available in fiscal year 2021. Plaintiff has alleged that visas remain available from that fiscal year. *See* Dkt No. 1 (Compl.) ¶ 9. To the extent Defendant contends otherwise, that is a factual dispute that this Court cannot resolve without evidence. Defendant may be able to prevail on that front if it can show that no visas remain available, but that is a factual dispute between the parties that is not amenable to a motion to dismiss.

---

[1] Plaintiff's claims are not jurisdictionally moot and thus Defendant's argument that Plaintiff has no claim under the DJA, too, fails.

2. Plaintiff's Complaint states plausible claims for relief under the INA, the APA, the Mandamus Act, and the DJA. Defendant's 12(b)(6) arguments are insufficient, and its motion must fail.

Plaintiff alleges that Defendant has a non-discretionary duty to accept and adjudicate petitions that are complete but for the omission of some piece of immaterial information. DHS regulations implementing the INA generally permit Defendant to take one of three actions when adjudicating a benefit request: approve, deny, or request additional evidence. *See* 8 C.F.R. § 103.2(b)(8).

The regulatory language governing the evaluation of evidence submitted with benefit requests speaks in terms of the beneficiary's demonstrated eligibility for the benefit sought, rather than with the perfection of forms. *See id.* at § 103.2(b). Defendant must approve the request if the evidence establishes the beneficiary's eligibility for the visa and deny the request if the evidence establishes ineligibility. *See id.* at § 103.2(b)(8)(i). In the absence of such evidence Defendant can, as it often does, request the missing initial evidence be submitted by issuing a Request for Evidence ("RFE"). *See id.* at § 103.2(b)(8)(ii). Nothing in the immigration statutes or regulations compel Defendant to reject a petition for missing immaterial evidence. Plaintiff contends that accepting immaterially incomplete petitions and issuing an RFE for the missing information is not only proper, but a much more efficient course of action for handling such requests. *See* Ex. 1 (Compl.) ¶ 36.

In further support of this position, Plaintiff alleges that Defendant has stopped rejecting immaterially incomplete requests for other kinds of immigration benefits. *See* Compl. ¶¶ 38-39 (citing *Vangala, et al. v. USCIS,* No. 20-8143 (N.D. Cal. November 19, 2020, and explaining that shortly after Plaintiff's petition was rejected, Defendant was sued by other parties for its application of a "zero-tolerance" policy to their applications, and consequently Defendant ceased implementing and eventually revoked the policy altogether with respect to those forms).

Here, Plaintiff contends that Defendant erroneously and unlawfully rejected Plaintiff's H-1B petition due to the omission of a single page that had no bearing on the petition's approvability. As explained in Plaintiff's Complaint, the missing page from the Form I-129 petition contained just two questions which were inapplicable to Plaintiff's beneficiary and duplicative, respectively. The first question was not applicable to the instant petition as it related only to cap exempt filings; this filing was cap-subject. The second question was a duplicative data collection point that was previously answered in the negative. *See* Ex. 1 (Compl.) ¶ 34.

Since all evidence submitted established the beneficiary's eligibility for the H-1B visa, the circumstances warranted Defendant acting in accordance with its regulations by accepting Plaintiff's filing and either approving it or issuing an RFE. *See id.* at § 103.2(b)(8). Defendant took neither action and instead rejected Plaintiff's initial submission, yet nothing in the INA or its implementing regulations compelled Defendant to reject the petition, and Defendants cite to no authority requiring it to do so. *See* 8 C.F.R. § 103.2(a)(7).

Plaintiff further alleges that because the omission was immaterial to the beneficiary's eligibility for the visa, Defendant had a nondiscretionary duty to accept and adjudicate Plaintiff's petition. Plaintiff's petition was submitted within the same time frame and type of forms that Defendant had rejected pursuant to its unlawful "zero tolerance" policy. Like the forms submitted by Plaintiffs in the class action that Defendant has now agreed to accept, Defendant must remedy the mistreatment of Plaintiff's petition. Failure to act in a consistent manner with respect to Plaintiff violates the APA. *See Nazareth Hosp. v. Sec'y U.S. Dep't of Health & Human Servs.*, 747 F.3d 172, 179–80 (3d Cir. 2014) (citation omitted). ("If [an] agency makes an exception in one case, then it must either make an exception in a similar case or point to a relevant distinction between the two cases.")

Defendant has no basis in fact or in law for moving to dismiss Plaintiff's claims for relief. Defendant's contention that it acted properly in rejecting Plaintiff's petition rests squarely on its refutation of the factual allegations in the Complaint, and its insistence that Plaintiff's submission was rather "materially incomplete." [2] *See* Def. Ltr. at 3. Defendant fails to accept Plaintiff's allegations as true and attempts to improperly introduce factual issues that must be reserved for another day. At the motion to dismiss stage, factual inferences regarding the materiality of the omissions in Plaintiff's petition must be drawn in favor of Plaintiff, not Defendant. *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 191 (2d Cir. 2007). Plaintiff's Complaint plausibly alleges that Defendant's conduct was improper and resulted in negative consequences to Plaintiff and the employee beneficiary that are grossly disproportional, given that the omitted information was entirely immaterial to the beneficiary's eligibility for the H-1B visa.

Defendant cannot prevail on its intended motion to dismiss, and its request for a pre-motion conference to discuss the matter should be denied.

Sincerely,

Carl W. Hampe

---

[2] Defendant's arguments regarding the viability of Plaintiff's claims under the Mandamus Act similarly rely on its mischaracterization of Plaintiff's petition as "materially incomplete," and fail for the same reasons as stated above.